DAN CHAMMAS (Cal. State Bar No. 204825)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
dchammas@Venable.com

JEFFREY D. WOHL (Cal. State Bar No. 96838)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com

MICHELE A. FREEDENTHAL (Cal. State Bar No. 150323)
NOAM GLICK (Cal. State Bar No. 251582)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
shellyfreedenthal@paulhastings.com
noamglick@paulhastings.com

Attorneys for Defendant
LoJack Corporation

FILED
CLERK, U.S. DISTRICT COURT

FEB 14 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MIKE RUTTI, GERSON ANAYA,

Plaintiffs,

vs.

LOJACK CORPORATION, INC., and
Does 1-50, inclusive,

Defendants.

CV11- 01372 DDP(JCx)

**NOTICE OF REMOVAL**

Los Angeles County Superior Court
No. BC381043

NOTICE OF REMOVAL
U.S.D.C., C.D. Cal., No. _____

1    To the Clerk of Court, plaintiffs Mike Rutti and Anaya Gerson, and plaintiffs'
2    attorneys of record:

3    PLEASE TAKE NOTICE that defendant LoJack Corporation ("LoJack") hereby
4    removes this action from the Superior Court of California in and for the County of Los
5    Angeles (the "Superior Court") to this Court, based on diversity-of-citizenship
6    jurisdiction under 28 U.S.C. sections 1332 (as amended by the Class Action Fairness
7    Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9), and 1441(a) and (b), and, in
8    support of removal, alleges as follows:

9                                    **Procedural Background**

10    1.    On April 5, 2006, plaintiff Mike Rutti commenced a civil action in this
11    Court entitled "*Mike Rutti v. LoJack Corporation, Inc.*," No. SACV06-350 DOC
12    (RNBx) ("*Rutti I*"). A true copy of the complaint in *Rutti I* is attached to the
13    Declaration of Daniel Chammas in Support of Notice of Removal ("Chammas
14    Declaration") as Exhibit A. *Rutti I* remains pending before this Court.

15    2.    On August 16, 2007, this Court issued its order granting in part and
16    denying in part LoJack's motion for partial summary judgment in *Rutti I*. The order
17    disposed of all federal claims. A true copy of the Court's summary judgment order is
18    attached to the Chammas Declaration as Exhibit B.

19    3.    On October 2, 2007, the Court issued an order dismissing the remaining
20    state law claims for lack of subject matter jurisdiction. A true copy of the Court's
21    dismissal order is attached to the Chammas Declaration as Exhibit C.

22    4.    On November 20, 2007, plaintiffs Rutti and Gerson Anaya commenced a
23    civil action in the Superior Court entitled "*Mike Rutti, Gerson Anaya v. LoJack
24    Corporation, Inc., and Does 1-50, inclusive*," No. BC381043 ("*Rutti II*"). A true copy
25    of the complaint plaintiffs filed in *Rutti II* is attached to the Chammas Declaration as
26    Exhibit 1.

27    5.    *Rutti II* is pleaded as a class action and asserts seven causes of action for
28    (1) failure to provide meal periods and accurate wage statements, (2) failure to provide

1   rest periods and accurate wage statements, (3) failure to indemnify employees,

2   (4) failure to pay minimum wage, (5) failure to make payments within the required

3   time, (6) unlawful, unfair and fraudulent business practices in violation of California

4   Business and Professions Code section 17200 *et seq.*, and (7) penalties under the

5   California Labor Code Private Attorneys General Act of 2004 ("PAGA").   The

6   allegations in the complaint are incorporated into this notice by this reference without

7   necessarily admitting the truth of any of them.

8          6.      On January 2, 2008, LoJack removed *Rutti II* to this Court.

9          7.      On June 4, 2008, this Court remanded *Rutti II* back to the Superior Court.

10   At that time, plaintiffs in their complaint disavowed that the amount in controversy,

11   exclusive of interest and costs, exceeded $5 million. Cmplt., ¶ 1. Without any evidence

12   from plaintiffs and their witnesses about the amount in controversy, the Court ruled that

13   LoJack had not met its burden of proving the amount in controversy exceeds $5 million.

14   A true copy of the Court's remand order is attached to the Chammas Declaration as

15   Exhibit D.

16          8.      On September 24, 2009, the Superior Court in *Rutti II* granted certification

17   of plaintiffs' proposed class with respect to plaintiffs' claims for (1) missed meal and

18   rest periods; (2) failure to indemnify for purchased tools; (3) failure to pay proper

19   overtime rate on any hours over 8 in a day; (4) failure to pay overtime rate on any hours

20   over 8 in a day; (5) failure to pay wages for (a) on-call time), (b) time washing and

21   maintaining company vehicles, (c) portable data terminal ("PDT") transmission time,

22   (d) time charting routes to plaintiffs' first job sites, (e) time to travel and pick up

23   supplies from UPS, and (f) time to purchase business related tools; and (6) waiting-time

24   penalties, (7) violations of the California Unfair Competition Law, and (8) penalties

25   pursuant to the California Labor Code Private Attorneys General Act.  A true copy of

26   the Superior Court's certification order is attached to the Chammas Declaration as

27   Exhibit 58.

28   ///

1        9.    On November 18, 2010, plaintiff Rutti amended his complaint in *Rutti I* to

2    add plaintiffs Jason White and Eshon Mitchell.

3        10.    On January 19, 2011, LoJack received the following documents from

4    plaintiffs in *Rutti II*: Plaintiff Gerson Anaya's Supplemental Responses to Request for

5    Admissions, Set One; Plaintiff Gerson Anaya's Supplemental Responses to Special

6    Interrogatories, Set One; Plaintiff Mike Rutti's Supplemental Responses to Request for

7    Admissions, Set One; Plaintiff Mike Rutti's Supplemental Responses to Special

8    Interrogatories, Set One (collectively, the "Supplemental Discovery Responses").  In

9    the Supplemental Discovery Responses, plaintiffs describe for the first time in writing

10   their methodology for calculating the damages they claim.  In addition, in the

11   Supplemental Discovery Responses plaintiffs for the first time in writing abandoned

12   their intention, expressed in their complaint (¶ 1), to limit their recoverable damages to

13   $5 million or less.  True copies of the Supplemental Discovery Responses are attached

14   to the Chammas Declaration as Exhibits E-H.

15                  **Removal Jurisdiction under CAFA**

16       11.    This Action is one over which this Court has original jurisdiction under the

17   provisions of 28 U.S.C. section 1332, as amended by CAFA, and may be removed to

18   this Court pursuant to 28 U.S.C. sections 1441(a) and (b), on the following grounds:

19       12.    CAFA provides that a putative class action is removable to federal court if

20   (a) the proposed class members number at least 100; (b) the amount in controversy

21   exceeds $5 million, exclusive of interest and costs; (c) and any member of a class of

22   plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d).

23   Each of these requirements is met in this action.

24              *The Citizenship of the Parties Is Diverse*

25       13.    LoJack is informed and believes that, at the time this Action was

26   commenced, plaintiffs were citizens of the State of California within the meaning of 28

27   U.S.C. section 1332(a). *See* Cmplt., ¶ 2 ("Plaintiffs Mike Rutti and Gerson Anaya are

28

LEGAL_US_W # 67197874.1

NOTICE OF REMOVAL
U.S.D.C., C.D. Cal., No. _____

1   California residents and natural persons and were hourly employees of LoJack
2   Corporation holding the position of technician.").

3       14.   Most, if not all, of the class members are citizens of the State of California.
4   *See* Cmplt., ¶ 10 (defining class to include non-exempt technicians and senior
5   technicians who work or worked for LoJack in the State of California).

6       15.   LoJack is now, and was at the time this Action was commenced, a citizen
7   of a state other than the State of California within the meaning of 28 U.S.C. section
8   1332(c)(1) because LoJack is now, and was at the time the Action was commenced, a
9   corporation organized under the laws of the Commonwealth of Massachusetts with its
10  principal place of business in the Commonwealth of Massachusetts.  Declaration of
11  Jeannine Giardina in Support of Notice of Removal ("Giardina Decl."), ¶ 3.   The
12  majority of LoJack's executive and administrative functions are performed, and the
13  majority of LoJack's executive and administrative officers are located in, the
14  Commonwealth of Massachusetts. *Id.   See Hertz Corp. v. Friend*, 130 S. Ct. 1181
15  (2010) (adopting "nerve center" test for establishing principal place of business).

16      16.   LoJack is the only named defendant in this action and the presence of Doe
17  defendants has no bearing on diversity with respect to removal.  *See* 28 U.S.C.
18  § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants
19  sued under a fictitious name shall be disregarded.").  Accordingly, no named defendant
20  is a citizen of California, in which state this Action was filed.

21      *The Proposed Class Members Number at Least 100*

22      17.   In the complaint, plaintiffs propose a class that includes "all current and
23  former hourly employees who held the technician and/or senior technician position at
24  LOJACK in the State of California from April 5, 2002 to the present." Cmplt., ¶ 10.

25      18.   From April 5, 2002, to November 20, 2007, LoJack employed at least 200
26  non-exempt technicians and senior technicians in the State of California.   Giardina
27  Decl., ¶ 4.  From April 5, 2002, to January 31, 2011, LoJack employed at least 200 non-

28

1    exempt technicians and senior technicians in the State of California. *Id.* Accordingly,

2    the requirement that the proposed class members number at least 100 is easily met.

3    ### *The Amount in Controversy Exceeds $5 Million*

4    19.    Plaintiffs included boilerplate language in their complaint that the "total

5    damages for the entire case does not exceed $5,000,000." Cmplt., ¶ 1.

6    20.    However, in their Supplemental Responses, plaintiffs stated for the first

7    time in writing that they "do not agree to place a cap or otherwise limit the damages

8    sought to recover on behalf of the class to $5 million." *See* Plaintiff Mike Rutti's

9    Supplemental Responses to Interrogatory 1-18 (6:5–6:7); Plaintiff Gerson Anaya's

10   Supplemental Responses to Interrogatory 1-18 (6:5–6:7).

11   21.    A plaintiff cannot avoid removal by pleading in bad faith that damages do

12   not exceed the jurisdictional minimum. *Lowdermilk v. United States Bank National*

13   *Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (noting "good faith" requirement in pleading

14   amount in controversy); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995)

15   ("The inquiry, however, does not end merely because the plaintiff alleges damages

16   below the threshold. The face of the plaintiff's pleading will not control if made in bad

17   faith."); *Morgan v. Fay*, 471 F.3d 469, 477, n.9 (3rd Cir. 2006) ("We note the potential

18   availability of judicial estoppel arguments by the defendants should the plaintiffs in the

19   future change legal positions in an attempt to achieve an award in excess of

20   $5 million.").

21   22.    Plaintiffs' inconsistent positions in the complaint and in the Supplemental

22   Responses about the amount in controversy are the type of gamesmanship that

23   constitutes bad faith. *Lowdermilk*, 479 F.3d at 1002 ("We acknowledge that strict

24   construction of our jurisdiction creates the potential for manipulation of the

25   jurisdictional rules by plaintiffs 'who may plead for damages below the jurisdictional

26   amount in state court with the knowledge that the claim is actually worth more, but also

27   with the knowledge that they may be able to evade federal jurisdiction by virtue of the

28

1  pleading ...   Such gamesmanship is possible under our rules, though '[s]uch
2  manipulation is surely characterized as bad faith.'"), *citing De Aguilar*, 47 F.3d at 1410.

3      23.    When a plaintiff alleges in his complaint that the damages sought do not
4  meet or exceed the jurisdictional minimum, the defendant who seeks to remove the case
5  to federal court has the burden of providing to a legal certainty that the amount in
6  controversy in fact does meet or exceed the jurisdictional minimum. *Lowdermilk*, 479
7  F.3d at 996. However, once a plaintiff abandons the allegation that the damages sought
8  do not meet or exceed the jurisdictional minimum, or it is shown that the allegation was
9  made in bad faith, the defendant's burden of proof to show the amount in controversy
10 meets or exceeds the jurisdictional minimum drops to preponderance of the evidence.
11 *Id.* at 999, quoting *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

12     24.    Whether measured by the "legal certainty" standard or the "preponderance
13 of the evidence" standard, LoJack establishes on this notice of removal that the amount
14 in controversy exceeds $5 million, exclusive of interest and costs.  In fact, using the
15 methodology outlined by plaintiffs in their Supplemental Responses, and based on
16 testimony from plaintiffs' own witnesses, the amount in controversy easily exceeds $11
17 million.   (Of course, in setting forth the amount that plaintiffs have placed in
18 controversy, LoJack does not concede liability or that plaintiffs are entitled to their
19 claimed damages.)

20     25.    Courts are not limited to the complaint in determining whether the CAFA
21 amount-in-controversy requirement is satisfied. *See Coleman v. Estes Express Lines,*
22 *Inc.*, No. 10-56852, slip op. at 10 (9th Cir. filed Jan. 25, 2011) ("A district court may
23 also consider evidence in deciding whether CAFA's $5,000,000 amount–in-controversy
24 requirement has been satisfied.").  Indeed, when subsequent developments after the
25 complaint is filed establish the requirements for removal, courts routinely consider such
26 evidence. *See, e.g., Campbell v. Vitran Express, Inc.*, 2010 U.S. Dist. Lexis 132071, *4
27 (C.D. Cal., 2010) ("To determine whether the removing defendant has met the more
28 stringent burden of legal certainty, the Court may consider facts in the notice of removal

NOTICE OF REMOVAL
U.S.D.C., C.D. Cal., No. _____

as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"), *citing Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Fletcher v. Toro Co.*, 2009 U.S. Dist. Lexis 126693, *8 (S.D. Cal., 2009) ("A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice."), *citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

26.   Plaintiffs' Supplemental Responses identify the categories of damages for which they are seeking recovery, including: (1) off-the-clock damages for failure to pay for time spent commuting, transmitting data on PDT devices, mapping routes, on-call, washing work clothes, washing and maintaining the company vehicle, purchasing and maintaining work tools and other necessary expenses, and other certified claims such as failure to pay time spent picking up product at UPS; (2) damages for failure to provide meal and rest periods; (3) waiting-time penalties under Labor Code Section 203 "for each formerly employed class member;" (4) "[o]vertime wages for hours worked in excess of 8 in a day before LoJack began paying daily overtime properly;" and (5) PAGA penalties. *See* Plaintiff Mike Rutti's Supplemental Responses to Special Interrogatories, Set One (4:18-6:2); Plaintiff Gerson Anaya's Supplemental Responses to Special Interrogatories, Set One (4:18-6:2).

27.   In their Supplemental Responses, plaintiffs explained for the first time in writing their methodology for calculating amounts under their categories of claimed damages. Plaintiffs state that they intend to use witness sampling to calculate the total amount of damages for the first two categories of damages—*i.e.*, "off-the-clock" and meal/rest periods. Under their methodology, plaintiffs will solicit information from a sample of witnesses regarding the amount of time each witness allegedly spends on "off-the-clock" activities. The result will then be added and multiplied by the applicable hourly wage rate and then extrapolated to the class. *See* Plaintiff Mike Rutti's Supplemental Responses to Special Interrogatories, Set One (4:18-5:27); Plaintiff Gerson Anaya's Supplemental Responses to Special Interrogatories, Set One

NOTICE OF REMOVAL
U.S.D.C., C.D. Cal., No. _____

1  (4:18-5:27). In addition, plaintiffs will ask each representative how many meal and rest
2  periods he or she missed during the class period, and extrapolate the responses to
3  calculate meal and rest period damages. *See* Cal. Lab. Code § 226.7 (assessing per-
4  employee penalty equal to one hour of pay at employee's regular rate of compensation
5  where employer fails to provide employee with compliant meal or rest period.).
6  Plaintiffs also seek waiting-time penalties under Labor Code section 203 "for each
7  formerly employed class member," "[o]vertime wages for hours worked in excess of 8
8  in a day before LoJack began paying daily overtime properly," and PAGA penalties.
9  *See* Plaintiff Mike Rutti's Supplemental Responses to Interrogatory 1-18 (5:27–6:2);
10  Plaintiff Gerson Anaya's Supplemental Responses to Special Interrogatories, Set One
11  (5:27–6:2).

12      28.    LoJack has carefully reviewed evidence already provided by plaintiffs in
13  connection with *Rutti I* and *Rutti II* with respect to each category of off-the-clock
14  activities for which plaintiffs seek recovery, and with respect to missed meal and rest
15  periods. Specifically, LoJack reviewed every affidavit filed by plaintiffs for California-
16  based putative class members, and deposition transcripts of each California-based
17  witness whom LoJack deposed, and compiled their testimony with respect to the off-
18  the-clock activities alleged. Declaration of Elizabeth J. MacGregor in Support of
19  Notice of Removal ("MacGregor Decl."), ¶¶ 2-6, Exhs. 1-35.

20      29.    Based on this evidence, LoJack calculated the amount of time that each of
21  plaintiffs' witnesses reported spending on each off-the-clock activity, and the frequency
22  that they alleged to have missed their meal and/or rest periods. Declaration of
23  Richard Dent in Support of Notice of Removal ("Dent Decl."), ¶¶ 2-5. In so doing,
24  LoJack took the most conservative approach possible so as to underestimate the alleged
25  damages that plaintiffs are seeking. For example, if a witness testified that on "most
26  days," his commute to work was one hour, it was assumed that the witness's commute
27  was 1 hour on 51 percent of days, and 0 hours on all remaining days. Similarly, if a
28  witness testified that he spent "at least 30-45 minutes" on PDT data transmissions,

LEGAL_US_W # 67197874.1

NOTICE OF REMOVAL
U.S.D.C., C.D. Cal., No. _____

LoJack assumed the transmissions took 30 minutes. Likewise, if a witness testified that he was unable to take a meal period "on most days," LoJack assumed he missed his meal period on 51 percent of days, and received a meal period on all other days. Ambiguous responses (e.g., "sometimes I missed my meal break") were not used. *Id.*, ¶ 5.

30. LoJack then calculated the average time reportedly spent on each "off-the-clock" activity (e.g., commute, PDT, etc.) and summed up the total across the various activities to compute the total average "off-the-clock" time. Dent Decl., ¶ 6. Based on this approach, plaintiffs' witnesses reported spending an average of 3.56 hours on alleged off-the clock activities during the class period. *Id.*, ¶ 6, Exh. A. In addition, plaintiffs' witnesses reported missing their meal periods on 59.9 percent of workdays, and their rest periods on 55.9 percent of workdays. *Id.*, ¶¶ 8-9, Exhs. B-C.

31. LoJack then provided this analysis to LoJack's expert, FTI Consulting ("FTI"), to extrapolate these calculations to the entire putative class based on the above methodology. Based on the testimony from plaintiffs' witnesses, FTI calculated $8,804,855 in damages for alleged off-the-clock time, and $979,390 and $1,381,267 in meal and rest period premiums, respectively. Declaration of Michael Buchanan in Support of Notice of Removal ("Buchanan Decl."), ¶ 17. In addition, FTI calculated $656,887 in alleged waiting-time penalties under California Labor Code section 203 for the 209 class members whose employment terminated during the statutory period. *Id.*, ¶ 16. Adding up these categories of damages, plaintiffs have placed in controversy $11,822,399, which represents the *bare minimum* damages assuming the veracity of plaintiffs' evidence. *Id.*, ¶ 17.

32. The $11,822,399 was calculated using "straight time" only, Buchanan Decl., ¶ 17, even though, in their Supplemental Responses, plaintiffs claim they are also entitled to "overtime wages for hours worked in excess of 8 in a day." Assuming that only half of the claimed off-the-clock time was time worked in excess of 8 hours in a day, damages would total $14,023,613. *Id.*

NOTICE OF REMOVAL
U.S.D.C., C.D. Cal., No. _____

33.    The $11,822,399 also does not include additional categories of damages sought for alleged time spent "on call," unreimbursed work-related expenses and PAGA penalties. Buchanan Decl. ¶¶ 10, 17.

34.    LoJack anticipates that plaintiffs will challenge LoJack's use of evidence provided by plaintiffs' witnesses for calculating the amount in controversy. However, throughout this litigation plaintiffs consistently have taken the position that their witnesses are representative of the class. Accordingly, extrapolating their evidence to the putative class is the best available estimate of the amount in controversy as claimed by plaintiffs.

35.    Moreover, even if the testimony of plaintiffs' witnesses was deeply discounted, the amount in controversy still would exceed $5 million.

36.    Plaintiffs' witnesses reported spending an average of 3.56 hours per day on alleged off-the clock activities during the class period and missing meal periods and rest periods on 60 percent 56 percent of workdays, respectively. Dent Decl., ¶¶ 6, 8-9, Exhs. A-C.

37.    If that testimony were discounted and plaintiffs' witnesses were viewed as having worked off the clock 67 minutes per day and missed two meal periods and two rest periods per week, the amount in controversy would exceed $5 million, after factoring in the $656,887 in alleged waiting-time penalties under California Labor Code section 203 (see supra, ¶ 31). Buchanan Decl., ¶ 18.

38.    Alternatively, if that testimony were discounted and plaintiffs' witnesses were viewed as having worked off the clock 87 minutes per day and missed one meal period and one rest period per week, the amount in controversy also would exceed $5 million, after factoring in the $656,887 in alleged waiting-time penalties under California Labor Code section 203 (see supra, ¶ 31). Buchanan Decl., ¶ 19.

39.    Moreover, these calculations exclude any civil penalties under PAGA sought by the class, which as alleged are substantial. See Cal. Lab. Code § 2699(f)(2) (defining PAGA damages as "one hundred dollars ($100) for each aggrieved employee

1   per pay period for the initial violation and two hundred dollars ($200) for each

2   aggrieved employee per pay period for each subsequent violation.").

3       40.   Based on the foregoing, LoJack has established to a legal certainty or by a

4   preponderance of the evidence that all requirements under CAFA are satisfied and the

5   Action may be removed to this Court on grounds of diversity-of-citizenship jurisdiction.

6                    **Procedural Compliance of This Notice of Removal**

7                  ***There Is No Named Other Defendant Than LoJack***

8       41.   As stated above, no defendant other than LoJack is named in the

9   complaint. LoJack is informed and believes that no other defendant has been served

10  with process in the Action.

11                          ***The Removal Is Timely***

12      42.   This notice of removal is effected properly and timely pursuant to 28

13  U.S.C. section 1441(b), because it is filed within 30 days of LoJack's receipt of the

14  Supplemental Discovery Responses on January 19, 2011, which was the first paper

15  received from plaintiffs evidencing that the amount in controversy exceeds $5 million,

16  exclusive of interest and costs.

17      43.   Even if an action is not initially removable, it may be removed more than

18  30 days after service of the complaint if it is removed within 30 days of the defendant's

19  receipt of a paper evidencing that it is removable. 28 U.S.C. § 1446(b), *see also*

20  *Carvalho v. Equifax Info. Servs., LLC*, 2010 U.S. App. Lexis 25821, *11 (9th Cir. 2010)

21  ("The second thirty-day removal period is triggered if the initial pleading does not

22  indicate that the case is removable, and the defendant receives 'a copy of an amended

23  pleading, motion, order or other paper' from which removability may first be

24  ascertained"); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006)

25  ("the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an

26  amended pleading, motion, order or other paper' from which it can be determined that

27  the case is removable"). Furthermore, unlike other actions removed based on diversity-

28

1   of-citizenship jurisdiction, if the action is a class action, removal may be effected more

2   than one year after commencement of the action.  28 U.S.C. § 1453(b).

3       44.    This Court previously determined that this action was not removable at the

4   time of filing of the complaint because plaintiffs elected to cap their damages at

5   $5 million. "If [the plaintiff] does not desire to try his case in the federal court he may

6   resort to the expedient of suing for less than the jurisdictional amount, and though he

7   would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury v.*

8   *Red Cab Co.*, 303 U.S. 283, 294 (1938).  "Accordingly, subject to a good faith

9   requirement in pleading, a plaintiff may sue for less than the amount she may be

10  entitled to if she wishes to avoid federal jurisdiction and remain in state court."

11  *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d at 999.  *See also id.* (plaintiff

12  has "prerogative, subject to the good faith requirement, to forgo a potentially larger

13  recovery to remain in state court"); Wright, Miller, and Cooper, 14A *Federal Practice*

14  *and Procedure* § 3702 ("Plaintiff is the master of his or her own claim; if plaintiff

15  chooses to ask for less than the jurisdictional amount, only the sum actually demanded

16  is in controversy.").

17      45.    Plaintiffs, therefore, specifically and expressly limited the amount of

18  damages they were putting in controversy at the time they filed the complaint.

19  Plaintiffs did not remove that cap until January 19, 2011, when they served the

20  Supplemental Discovery Responses disclosing, for the first time in writing, that they

21  were abandoning the $5 million limitation on their recovery.  Under CAFA, other courts

22  have construed similar allegations in a complaint as a limitation on damages.  *See*

23  *Lowdermilk*, 479 F.3d at 996 (where plaintiff alleges that "the aggregate total of the

24  claims pled herein do not exceed five million dollars," plaintiff is "plead[ing]

25  conservatively to secure a state forum," but "defendants [have] an option of a federal

26  forum at the point when they can prove its jurisdiction"); *Lowdermilk v. United States*

27  *Bank Nat'l Assoc.*, 2006 U.S. Dist. LEXIS 95697, *7-8 (D. Ore. 2006) ("[c]oncern that

28  a plaintiff could increase the damages alleged after the limitations period for removal

1   expires" is misplaced because if the plaintiff "attempts to increase the damages sought,
2   the case could then be removed to federal court"); *Yerosushalmi v. Blockbuster, Inc.*,
3   2005 U.S. Dist. LEXIS 39331, *6 (C.D. Cal. 2006); (where plaintiff alleges that
4   "aggregate damages for the named plaintiff and the class she seeks to act as a
5   representative total less than $5,000,000," this is "an allegation limiting damages" that
6   plaintiff is seeking); *Castillo v. Romo*, 2009 U.S. Dist. LEXIS 78463, *6 (S.D. Cal.
7   2009) ("plaintiff may sue for less than the amount she may be entitled to if she wishes
8   to avoid federal jurisdiction and remain in state court [and] Plaintiffs have exercised
9   that option" where complaint alleges that "the amount in controversy does not reach or
10  exceed Five Million Dollars," which "limit[s] their recovery to an amount under
11  $5,000,000"); *Brooks v. GAF Material Corp.*, 532 F. Supp. 2d 779, 782 (D.S.C. 2008)
12  (granting motion to remand where plaintiff alleges that the "amount in controversy for
13  the entire proposed class does not exceed five million dollars [and] court construes
14  [this] language [as] a purposeful limitation on damages to below the jurisdictional
15  amount"); *Morgan v. Gay*, 471 F.3d 469, 471 (3d. Cir. 2006) (where complaint alleges
16  that "total amount of such monetary relief for the class as whole shall not exceed $5
17  million," this is an "express limitation in the complaint" on damages); *Cox v. Allstate
18  Ins. Co.*, 2008 U.S. Dist. LEXIS 41272, *6 (W.D. Okl. 2008) (where plaintiffs allege
19  that "the matter in controversy does not in the aggregate exceed the sum or value of
20  $5,000,000," this is a sufficient limitation on damages to trigger legal certainty
21  standard); *Blouin v. Shell Oil Co.*, 1993 U.S. Dist. LEXIS 2657, *2-3 (E.D. La. 1993)
22  (motion to remand granted where "Plaintiff has stipulated in its memorandum that the
23  amount in controversy does not exceed $50,000" because this is a "waiver of any claim
24  to damages in excess of $50,000").

25       46.   Accordingly, plaintiffs previously successfully limited their damages to
26  avoid a federal forum by alleging that the damages did not exceed $5 million, an
27  allegation this Court accepted as true.

28  ///

47.     However, on January 19, 2011, in their Supplemental Discovery Responses, plaintiffs for the first time removed that limitation and stated in writing that they are seeking damages in excess of $5 million, exclusive of interest and costs.

48.     As of January 19, 2011, therefore, this case became removable for the first time, and LoJack is timely exercising its right to remove by filing this notice of removal within 30 days after the receipt of the Supplemental Discovery Responses.

### *Other Procedural Compliance*

49.     Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

50.     Notice of this removal is being given to plaintiffs and the Superior Court pursuant to 28 U.S.C. section 1446(d).

51.     Besides the papers previously identified in the Chammas Declaration as Exhibits A-H and Exhibits 1 and 58, the Chammas Declaration attaches the balance of the process, pleadings, and orders served upon LoJack in *Rutti II* as Exhibits 2-57 and 59-80.

For all the foregoing reasons, this action may be removed to this Court.

Dated:  February 14, 2011.          DAN CHAMMAS
                                    VENABLE LLP

                                    JEFFREY D. WOHL
                                    MICHELE A. FREEDENTHAL
                                    NOAM GLICK
                                    PAUL, HASTINGS, JANOFSKY &
                                    WALKER LLP


                                    By:_____
                                              Jeffrey D. Wohl
                                         Attorneys for Defendant
                                         LoJack Corporation

# ORIGINAL

1  **MATTHEW RIGHETTI**    (SBN #121012)
   matt@righettilaw.com
2  **JOHN GLUGOSKI**    (SBN #191551)
3  jglugoski@righettilaw.com
   **RIGHETTI LAW FIRM, P.C.**
4  456 Montgomery Street, Suite 1400
5  San Francisco, CA  94104
   Telephone:    (415) 983-0900
6  Facsimile:    (415) 397-9005

7  Attorneys for PLAINITIFFS

8

9

10              **SUPERIOR COURT OF CALIFORNIA**

11          **CITY AND COUNTY OF LOS ANGELES**

12

13  MIKE RUTTI, GERSON ANAYA,           ) **CLASS ACTION**
                                        )
14              Plainitiffs,            ) Case No.
                                        )
15      vs.                             )
                                        )
16  LOJACK CORPORATION, INC., and DOES  ) **COMPLAINT FOR VIOLATION OF**
                                        )
17  1-50, inclusive                     ) **1. CALIFORNIA LABOR CODE**
                                        )
18              Defendants,             ) **2. CALIFORNIA BUSINESS &**
                                        )    **PROFESSIONS CODE**
19                                      )
                                        )
20                                      ) **CLASS ACTION**
                                        )
21                                      ) **DEMAND FOR JURY TRIAL**

22

23

24  Plaintiffs Mike Rutti and Gerson Anaya, by their attorneys, brings this action on behalf of

25  themselves, all other persons similarly situated and the general public hereby alleges as

26  follows:

27

28  ///

              **PARTIES, JURISDICTION AND VENUE**

                    COMPLAINT - 1

FILED
LOS ANGELES SUPERIOR COURT

NOV 2 0 2007

JOHN A. CLARKE, CLERK
BY EUGENA LOPEZ, DEPUTY

## PARTIES, JURISDICTION AND VENUE

1.      This class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The monetary damages and restitution sought by Plaintiffs will be established according to proof at trial.. The claims of individual class members, including Plaintiffs, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total damages for the entire case does not exceed $5,000,000.00. Further there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

2.      Plaintiffs Mike Rutti and Gerson Anaya are California residents and natural persons and were hourly employees of LOJACK Corporation holding the position of technician. Plaintiffs are informed and believes and on that basis alleges that Defendants LOJACK Corporation ("LOJACK") is and at all times material herein mentioned is a corporation doing business in the State of California and within the County of Los Angeles. LOJACK employs throughout the State of California employees with the title technicians and/or senior technicians, like Plaintiffs, whose responsibility it is to install vehicle recovery systems in vehicles including within Los Angeles County. Accordingly, at least some of the acts complained of herein occurred in Los Angeles County.

3.      The names and capacities of defendants sued herein under California Code of Civil Procedure Section 474 as Does 1 through 100, inclusive, are presently not known to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek to amend this Complaint and include these Doe Defendants' names and capacities when they are ascertained. Each of the fictitiously named Defendants is responsible in some manner for the

conduct alleged herein and for the injuries suffered by Plaintiffs, the members of the Class and the general public.

4. At all times herein mentioned each of the Defendants sued as DOE was the agent and the employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

5. At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of Defendants as alleged in the causes of action stated herein were ratified and approved by every other Defendant or their officers or managing agents.

## FACTS APPLICABLE TO ALL CLAIMS

Plaintiffs re-allege and incorporates by reference each and every allegation set forth in the preceding paragraphs.

6. This action alleges that Defendants failed to pay its California employees compensation for work without meal and break periods in violation of California Labor Code Section 226.7 and applicable Industrial Welfare Commission Orders.

7. This action seeks relief for un-remedied violations of California law, including, *inter alia*; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the practices at issue, who have not received compensation for labor provided without rest or meal period breaks, who have failed to receive accurate wage statements, who have failed to receive all wages owed to them and who have failed to be indemnified by LOJACK for business expenditures and/or had improper deductions made against their wages for such things as damage to company vehicles.

COMPLAINT - 3

Exhibit A
-17-

8.    Plaintiffs are adequate and proper class representative. Plaintiffs bring this action in his individual capacity, on behalf of all others similarly situated, and pursuant to California Business and Professions Code Section 17204, on behalf of the general public. Plaintiffs were employed by LOJACK within four years from the filing of the complaint and was paid on an hourly basis. As an employee of LOJACK, Plaintiffs were required to work without meal and rest period breaks. In addition, they were required to work but were not paid for all hours worked. Defendants failed to provide Plaintiffs and all other similarly situated LOJACK, California employees, with off-duty rest and meal period breaks, failed to pay Plaintiffs and all others similarly situated California employees all wages owed to them and failed to provide Plaintiffs and all others similarly situated California employees with an accurate statement of wages.  Further, Defendants failed to indemnify Plaintiffs and all others similarly situated California employees for business expenditures such as tools LOJACK mandated Plaintiffs and all others similarly situated California employees purchase and made improper deductions against Plaintiffs and all others similarly situated California employees' wages for business losses and expenditures.

9.    Defendants are, and at all relevant times were, employers under applicable California Industrial Welfare Commission Orders.

## CLASS ACTION ALLEGATIONS

10.    Plaintiffs bring this case as a class action pursuant to California Code of Civil Procedure Section 382. This action seeks relief on behalf of a class of persons in the employ of Defendants in California between four years preceding the filing of the compliant and the present:

> All current and former hourly employees who held the technician and/or senior technician position at LOJACK in the State of California from April 5, 2002 to the present ("the Class").

11.    The Class is sufficiently numerous, since it is estimated to include several hundred or more LOJACK employees geographically dispersed throughout California, the

COMPLAINT - 4

Exhibit A
-18-

1    joinder of whom in one action is impracticable, and the disposition of whose claims in a class

2    action will provide substantial benefits to both the parties and the Court.

3        12.    There is a well-defined community of interest in the questions of law and fact

4    involved affecting the parties to be represented. The questions of law and fact common to the

5    Class predominate over questions that may affect individual class members, including but not

6    limited to the following:

7            a.   Whether LOJACK implemented and engaged in a systematic practice

8                 whereby it unlawfully failed to authorize, permit and/or provide hourly

9                 employees rest and meal period breaks, respectively, and failed to pay

10                employees for either meal breaks and/or rest breaks worked as required

11                by law;

12           b.   Whether LOJACK implemented and engaged in a systematic practice

13                whereby it failed to provide accurate wage statements to California

14                hourly employees;

15           c.   Whether LOJACK implemented and engaged in a systematic practice

16                which violated Labor Code Section 2802 by requiring its employees to

17                purchase tools without indemnifying the hourly employees for the cost of

18                said tools;

19           d.   Whether the systematic acts and practices of LOJACK as alleged herein

20                whereby LOJACK made deductions from wages for business losses in

21                violation the California Labor Code;

22           e.   Whether the systematic acts and practices of LOJACK as alleged herein

23                violated, *inter alia*, applicable provisions of the California Labor Code,

24                including but not limited to, Sections 226, 226.7, 512, 1194, 1194.2,

25                1197, 2698, 2802, and applicable Industrial Welfare Commission Orders,

26                and California Business and Professions Code Section 17200, et seq.

27       13.    Because Plaintiffs worked on a daily and weekly basis, and were routinely

28    required to work through both meal and rest breaks on a daily basis, for which Plaintiffs were

COMPLAINT - 5

Exhibit A
-19-

1  not properly compensated, required to perform work for Defendants for which he was not

2  properly compensated, required by Defendants to purchase tools without indemnification,

3  subjected to improper deductions from wages for business losses and failed to receive timely

4  and accurate wage statements, Plaintiffs are asserting claims that are typical of the claims of the

5  Class.

6        14.    Plaintiffs will fairly and adequately represent and protect the interests of the

7  Class in that he has no disabling conflict of interest that would be antagonistic to those of the

8  other members of the Class. Plaintiffs has retained counsel, who is competent and experienced

9  in the prosecution of class action wage and hour violations.

10

11        15.    Because Plaintiffs and the members of the Class have all similarly suffered

12  irreparable harm and damages as a result of LOJACK's unlawful and continuously wrongful

13  conduct, including but not limited to LOJACK's systematic failure to provide for rest and meal

14  period breaks, systematic failure to pay for meal and break periods worked, systemic failure to

15  indemnify for business expenditures, systemic improper deductions from wages for business

16  losses and systemic failure to pay all wages owed for all hours worked, class treatment is

17  especially appropriate. Because the hours worked and employment circumstances by LOJACK

18  employees and Class members follow common patterns, all of which are reflected in the

19  records possessed by LOJACK, this action will provide substantial benefits to both. Absent this

20  action, LOJACK's unlawful conduct will continue un-remedied and uncorrected.

21        16.    Class action treatment is superior to any other available alternatives to ensure

22  that fair and efficient adjudication of the controversy alleged herein. Such treatment will permit

23  a lager number of similarly situated persons to prosecute their common claims in a single

24  forum simultaneously, efficiently and without the duplication of efforts and expense that

25  numerous individuals would entail. No difficulties are likely to be encountered in the

26  management of this class action that would preclude its maintenance as a class action, and no

27  superior alternative exists for the fair and efficient adjudication of this controversy. The Class

28  members are readily identifiable from Defendants' records.

COMPLAINT - 6

Exhibit A
-20-

17.     Defendants' wrongful and unlawful conduct has been widespread, recurring and uniform at their California stores. Defendants knew or should have known that their hourly employees, including Plaintiffs and the members of the Class, were not being provided with their earned rest and meal breaks as required by law, were not being paid all wages, owed, were not being indemnified for business expenditures as required under the labor code and were making improper deductions against wages. Absent a class action, Defendants will likely continue their wrongdoing resulting in further damage to Plaintiffs and members of the Class.

18.     The filing of the lawsuit entitled _Rutti v. Lojack Corporation_, which was pending in the Federal District Court, Central District of California Case No. SA CV06-0350, has tolled the statute of limitations on Plaintiffs' claim. Therefore, Plaintiffs are entitled to seek all unpaid wages, penalties and other compensation owed to him by Defendants for work performed from the period of April 5, 2002, to the present. The federal action involved both Fair Labor Standards Act (F.L.S.A.) claims and California Labor Code claims. The District Court granted summary judgment on the "off the clock" claims. All that remained were the claims alleged in this lawsuit. The District Court dismissed those claims without prejudice based on lack of subject matter jurisdiction over these California state claims.

## FIRST CAUSE OF ACTION

### (Failure To Provide Meal Period Breaks And Accurate Wage Statements Pursuant To IWC Wage Orders, California Labor Code Sections 226, 226.7, 512)

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

19.     Labor Code Section 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

20.     Industrial Welfare Commission Order No. 7-2001(11)(c) provides in relevant part, "Unless the employees is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

COMPLAINT - 7

Exhibit A
-21-

21.   Labor Code Section 512, which provides in relevant part:

Meal periods

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period my be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

22.   During all relevant periods, Defendants illegally and unlawfully required Plaintiffs and members of the Class to work through meal periods.

23.   During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiffs and Class members be compensated for the meal periods for which LOJACK required Plaintiffs and Class members to work. LOJACK failed to compensate Plaintiffs and Class members for meal periods worked as required by law. Plaintiffs and Class members are entitled to recover their unpaid compensation arising there from.

24.   By unlawfully requiring Plaintiffs and Class members to work without meal breaks and in failing to properly compensate Plaintiffs and Class members for the meal periods they worked as alleged herein, LOJACK acted in willful, oppressive and conscious disregard of Plaintiffs and Class members' statutory and regulatory right to meal periods and compensation.

25.   Plaintiffs and the other members of the Class are therefore entitled to the relief requested below.

26.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of meal periods, and are entitled to recovery under Labor Code Section 226.7(b) in the amount of one addition hour of pay at the employee's regular rate of compensation for each work day that a meal period was not provided.

27.     Defendants have acted with malice, oppression, and/or in conscious disregard for the legal rights of Plaintiffs and the Class members by failing to provide them with their full meal periods as required by California law. Defendants' actions are also in blatant violation of California law and public policy concerning the provision of meal breaks. Punitive damages are therefore warranted to deter Defendants' wrongful and egregious conduct.

## SECOND CAUSE OF ACTION

### (Failure To Provide Rest Period Breaks And Accurate Wage Statements Pursuant To IWC Wage Orders, California Labor Code Sections 226, 226.7)

28.     Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

29.     Labor Code Section 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

30.     Industrial Welfare Commission Order No. 7-2001 (12)(A) authorizes employees to take rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof. During all relevant periods, Defendants illegally and unlawfully failed to authorize or permit Plaintiffs  and Class members to take off duty rest breaks as required by law.

31.     During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiffs  and Class members be compensated for the rest periods for which LOJACK required Plaintiffs and Class members to work. LOJACK failed to compensate

COMPLAINT - 9

1   Plaintiffs and Class members for rest periods worked as required by law. Plaintiffs and Class
2   members are entitled to recover their unpaid compensation arising there from.

3       32.     By unlawfully requiring Plaintiffs and Class members to work without rest
4   breaks and in failing to properly compensate Plaintiffs and Class members for the rest periods
5   they worked as alleged herein, LOJACK acted in willful, oppressive and conscious disregard of
6   Plaintiffs and Class members' statutory and regulatory right to rest periods and compensation.

7       33.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class members
8   have been deprived of rest breaks, and are entitled to recovery under Labor Code Section
9   226.7(b) in the amount of one addition hour of pay at the employee's regular rate of
10  compensation for each work day that a rest period was not provided.

11      34.     Defendants have acted with malice, oppression, and/or in conscious disregard
12  for the legal rights of Plaintiffs and the members of the Class by failing to provide them with
13  their full rest periods as required by California law. Defendants' actions are also in blatant
14  violation of California law and public policy concerning the provision of meal breaks. Punitive
15  damages are therefore warranted to deter Defendants' wrongful and egregious conduct.
16

17      35.     Plaintiffs and the other members of the class are therefore entitled to the relief
18  requested below.

### THIRD CAUSE OF ACTION

#### (Failure to Indemnify Employees In
#### Violation of Labor Code Section 2802)

21  Plaintiffs re-allege and incorporate by reference each and every allegation set forth in
22
23  the preceding paragraphs.

24      36.     The Class Period for this cause of action is three years (April, 2003 to the
25  present).

26
27      37.     Labor Code Section 2802 provides
28      ///

Exhibit A
-24-

(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequences of the discharge of his or her duties, or his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

38.    As alleged herein, Defendants required Plaintiffs and the Class members to make expenditures for which Defendants failed to indemnify. Further, Defendants required Plaintiffs and the Class Members to incur losses without indemnification, instead Defendants made deductions against Plaintiffs and the Class Members' wages. By these actions, Defendants violated Labor Code Section 2802 and is liable to Plaintiffs and the class.

39.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California Law.

## FOURTH CAUSE OF ACTION

### (Failure to Pay Minimum Wage
### Violation of Labor Code Sections 1194, 1194.2, 1197)

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

40.    The Class Period for this cause of action is three years (April, 2003 to the present).

41.    Labor Code Section 1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

42.    LABOR CODE SECTION 1194 PROVIDES IN RELEVANT PART THAT ANY EMPLOYEE RECEIVING LESS THAN THE LEGAL MINIMUM WAGE APPLICABLE TO THE EMPLOYEE IS ENTITLED TO RECOVER IN A CIVIL ACTION THE UNPAID BALANCE OF THE FULL

COMPLAINT - 11

Exhibit A
-25-

AMOUNT OF THIS MINIMUM WAGE, INCLUDING INTEREST THEREON, REASONABLE ATTORNEYS' FEES, AND COSTS OF SUIT.

43.    Labor Code Section 1194.2 provides in relevant part that: "In any action under ... Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

44.    As alleged herein, Defendants required Plaintiffs and the Class members to work without compensating them for all hours worked and denied Plaintiffs and the Class members' meal and/or rest breaks in violation of California law. By these actions, Defendants violated Labor Section 1197 and is liable to Plaintiffs and the class.

45.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California Law.

## FIFTH CAUSE OF ACTION

### (Failure to Make Payment Within the Required Time: California Labor Code Sections 201, 202, 226)

Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46.    California Labor Code Section 201 provides in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

47.    California Labor Code Section 202 provides in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages

COMPLAINT - 12

Exhibit A
-26-

1    shall become due and payable not later than 72 hours thereafter, unless the employee has given

2    72 hours previous notice of his or her intention to quit, in which case the employee is entitled to

3    his or her wages at the time of quitting."

4

5       48.    As alleged herein, Defendants failed to pay earned wages to Plaintiffs and the

6    Class who are former employees of Defendants at the time they became due and payable. Thus,

7    Defendants violated Cal. Labor Code Sections 201 and 202.

8

9

10                  **SIXTH CAUSE OF ACTION**

11

12        **(Unlawful, Unfair And Fraudulent Business Practices Pursuant**
        **To Business And Professions Code Section 17200, _et seq._)**

13       Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in

14    the preceding paragraphs.

15       49.    Business and Professions Code Section 17200, et seq. prohibits acts of unfair

16    competition, which shall mean and include any "unlawful business act or practice."

17

18       50.    Labor Code Section 90.5(a) states it is the public policy of California to enforce

19    vigorously minimum standards in order to ensure employees are not required to work under

20    substandard and unlawful conditions, and to protect employers who comply with the law from

21    those who attempt to gain competitive advantage at the expense of their workers by failing to

22    comply with minimum labor standards.

23

24       51.    The policies, acts and practices heretofore described were and are an unlawful

25    business acts or practices because LOJACK's failure to provide rest and meal period breaks,

26    failure to pay compensation for work without rest and meal period breaks, and failure to

27    provide accurate and timely wage statements violates applicable Labor Code sections,

28    including but not limited to Labor Code Sections 226, 226.7, 512, 1194, 1194.2, 1197, 1198,

COMPLAINT - 13

Exhibit A
-27-

1   2802, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private

2   Attorney General Act of 2004, Labor Code Section 2698 *et seq.*, and other provisions of

3   California common and/or statutory law. Plaintiffs reserves the right to allege additional

4   statutory and common law violations by Defendants. Such conduct is ongoing to this date.

5

6       52.     Defendants engaged in unfair competition in violation of Business and

7   Professions Code Section 17200, *et seq.*, by violating, *inter alia*, each of the following:

8               a.      Causes of Action One through Six stated above;

9               b.      Cal. Labor Code Sections 201, 202;

10              c.      Cal. Labor Code Sections 226, 226.7;

11              d.      Cal. Labor Code Section 512;

12              e.      Cal. Labor Code Section 1194 *et. seq.*;

13              f.      Cal. Labor Code Sections1197, 1998,

14              g.      Cal. Labor Code Section 2802; and

15              h.      California IWC Orders Nos. 7-1997 *et. seq.* through 2-2001 *et.*

16      *seq.*

17

18      53.     Defendants' course of conduct, act and practice in violation of the California

19  laws mentioned in each paragraph above constitute separate and independent violations of

20  Section 17200 *et. seq.* of the California Business and Professions Code.

21      54.     The policies, acts or practices described herein were and are an unfair business

22  act or practice because any justifications for LOJACK's illegal and wrongful conduct were and

23  are vastly outweighed by the harm such conduct caused Plaintiffs, the class members, and the

24  members of the general public. Such conduct is ongoing to this date.

25      55.     The harm to Plaintiffs and the Class in being wrongfully denied earned wages

26  and meal and rest breaks outweighs the utility if any, of Defendants' policies/practices, and

27  therefore, Defendants' actions described herein constitute an unfair business practice or act

28  within the meaning of Business and Professions Code Section 17200.

COMPLAINT − 14

56.    Plaintiffs and the other members of the Class are therefore entitled to the relief requested below.

### SEVENTH CAUSE OF ACTION

### PRIVATE ATORNEY GENERALS ACT OF 2004

### (As Against All Defendants)

57.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs. This cause of action is plead by all Plaintiffs, against all Defendants.

58.    The California Labor Code "Private Attorney Generals Act of 2004" ("the Act") is codified at Labor Code sections 2699-2699.5.   Labor Code section 2699.3(a)(2)(C) provides that notwithstanding any other provisions of law, a Plaintiffs may as a matter of right amend an existing complaint to add a cause of action arising under the Act, within sixty (60) days of the time periods provided therein.  Plaintiffs hereby alleges that they have, to the extent necessary to support any or all of the causes of action and/or requests for relief as alleged herein, complied with the applicable notice provisions of the Act, and obtained permission as described in the Act to commence and continue with this private action. Plaintiffs are informed and believes and based on such information and belief alleges that he and the class are entitled to recover penalties for violations of the labor code as prayed for herein.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs and the Class pray for judgment and relief as follows:

1.  An order the this action may proceed and be maintained as a class action;

2.  On the First and Second Causes of Action:

COMPLAINT - 15

Exhibit A
-29-

a.  A declaratory judgment that Defendants have violated Labor Code Sections 226.7, 512, and the IWC Order Nos. 7-1997 *et seq.* through 7-2001 *et seq.*;

b.  Pursuant to Labor Code Section 226.7, an award to Plaintiffs and the Class of an additional hour of pay at the rate of the employee's regular rate of compensate for each work day that a meal and/or rest break was not provided;

c.  Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code;

d.  An aware to Plaintiffs and the Class members of reasonable attorneys' fees and costs pursuant to Labor Code Section 218.5; and

e.  For punitive damages.

3.  For the Third Cause of Action:

a.  A declaratory judgment that Defendants have violated Labor Code Sections 1194, 1194.2 and 1197;

b.  An aware to Plaintiffs and the Class of damages for the balance of unpaid compensation, including interest thereon and penalties subject to proof;

c.  An award to Plaintiffs and the Class of reasonable attorney fees and costs pursuant to Labor Code Section 1194; and

d.  Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code.

4.  For the Fourth Cause of Action:

COMPLAINT - 16

Exhibit A
-30-

a. A declaratory judgment that Defendants have violated Labor Code Sections 201 and 202;

b. An award to Plaintiffs and the Class who are former hourly-paid employees of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more than 30 days; and

c. Pursuant to Labor Code Section 226, an award to Plaintiffs and the Class of actual damages as well as an award of costs and reasonable attorneys' fees.

5. For the Fifth Cause of Action:

a. A declaratory judgment that Defendants have violated Labor Code Section 2802;

b. An award to Plaintiffs and the Class who are former hourly-paid   employees of indemnification by Defendant for all business expenditures and losses incurred; and

c. Pursuant to Labor Code Section 2802, an award to Plaintiffs and the Class of actual damages as well as an award of costs and reasonable attorneys' fees.

5. For the Sixth Cause of Action:

a. Ordering Defendants, their agents, servants and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under Section 17200 *et. seq.* of the Business and Professions Code;

b. For injunctive relief pursuant to Business and Professions Code Section 17203, consisting of *inter alia*: (1) a declaration

that Defendants have engaged in unlawful and unfair and fraudulent business acts and practices in violation of California Business and Professions Code Section 17200 *et. seq.*; (2) a preliminary and/or permanent injunction enjoining Defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendants from continuing such acts of unfair and illegal business acts and practices; and

c. Restitution, including, but not limited to, the relief permitted by the California IWC Order Nos. 7-1997 through 7-2001 *et. seq.*

6. For the Seventh Cause of Action:

a. Civil penalties pursuant to California Labor Code Sections 226, 226.7, 512, 1194, 1194.2, 1197, and 2698.

7. For an award of attorneys' fees and costs;

8. Pre- and post-judgment interest; and

9. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

DATED: November 19, 2007                    RIGHETTI LAW FIRM, P.C.


JOHN GLUGOSKI
Attorneys for Plaintiffs

COMPLAINT - 18

Exhibit A
-32-